> It is within my discretion to stay discovery during the pendency of a dispositive motion for "good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 26(c)(1)). Upon consideration of the relevant factors, I find the parties have shown good cause for a partial stay of discovery. The parties agree that none will face prejudice if I grant a stay. *Cf. Rios v. Max Mara USA Inc.*, No. 23-CV-9839, 2024 WL 3493607, at *1 (S.D.N.Y. July 22, 2024) ("Here, all parties agree that a stay of discovery is in their best interests. Accordingly, there is no reason to think that any party would be prejudiced if the Court granted the motion for a stay."). Further, I find that the large scope of discovery that would be sought absent the stay could impose an undue burden in light of a pending motion that "is potentially dispositive" and "appears to be not unfounded in the law." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (citation omitted). Accordingly, the parties' joint request for a partial stay of discovery is GRANTED.
>
> The parties will be directed to submit a revised case management plan and scheduling order when the decision on the motion to dismiss issues.
>
> 8/21/2024
>
> APPLICATION GRANTED
> SO ORDERED
> VERNON S. BRODERICK
> U.S.D.J.

**VIA ECF**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:  Joint Letter Motion
     Trustee Defendant
     *Wells Fargo Bank*

Dear Judge Broderick:

We are attorneys for defendants Wells Fargo Bank, N.A. and Computershare Trust Company, N.A. (together, the "Trustee Defendants"). We write jointly on behalf of the Trustee Defendants and plaintiff Greystone Select Holdings LLC ("Greystone") in response to the Court's Order, dated July 24, 2024 (ECF No. 41), requesting that the parties formally move the Court, pursuant to Rule 26(c)(1), for an order partially staying discovery pending a decision on the Trustee Defendants' motion to dismiss (ECF Nos. 31-33) and Greystone's opposition to that motion (ECF Nos. 42-43). We request that the Court grant the partial stay requested and proposed in the case management order jointly submitted by the parties (ECF Nos. 39 and 39-1) pending the Court's decision on the motion to dismiss.[1]

Rule 26(c)(1) authorizes the Court to stay discovery during the pendency of a motion to dismiss for "good cause." Fed. R. Civ. P. 26(c)(1); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("*Republic of Turkey*"). Once good cause is shown, "a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Christie's*, 316 F. Supp. 3d at *677 (internal quotations omitted); *see also Levy v. BASF Metals Ltd.*, 755 Fed. Appx. 29, 31 (2d Cir. 2018), *citing Willis v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (district

---

[1] When initially requesting this stay, the "parties [] stipulated and agreed that fact discovery [should] be stayed, until the Court's decision on defendants' pending motion to dismiss [ECF Nos. 31-33], *except* that discovery may be taken from non-parties for the limited purpose of attempting to identify the parties with the economic interest in the junior subordinated bonds at issue, as such discovery could lead to a resolution of this matter through an alternative to litigation (*e.g.*, an amendment to the relevant indentures)." (ECF 39-1, ¶ 2).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

August 20, 2024
Page 2

courts have "broad discretion to direct and manage the pre-trial discovery process."). When evaluating whether good cause for a stay exists, courts in this District consider various factors, including whether the parties agree that a stay is warranted, the burden that discovery will entail, and the dispositive nature of a defendant's pending motion to dismiss. *See Rios v. Max Mara USA Inc.*, No. 23-CV-9839 (LAP), 2024 WL 3493607, at *1 (S.D.N.Y. Jul. 22, 2024); *Broccoli v. Ashworth*, No. 21-CV-6931 (KMK), 2023 WL 6795253, at *1 (S.D.N.Y. Oct. 11, 2023); *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Although, not surprisingly, the parties have different views on the strength of the motion to dismiss, an application of these factors (and others) to this case demonstrates why "good cause" exists for a partial stay of discovery pending resolution of the Trustee Defendants' motion to dismiss.

*First*, the parties have stipulated and agreed that good cause exists for a partial stay of discovery. In *Republic of Turkey*, which the Court's July 24 Order cited, the parties disagreed about whether discovery should proceed. *Republic of Turkey*, 316 F. Supp. 3d at 676-77. But when, as here, all parties "agree that a stay of discovery is in their best interest[]….there is no reason to think that any party would be prejudiced if the Court granted the motion for a stay." *Rios*, 2024 WL 3493607, at *1 (granting a joint request to stay discovery pending a decision on defendants' dispositive motion). This factor should be dispositive given the nature of the parties' dispute, or, at a minimum, weigh heavily in favor of a stay.

*Second*, the parties should not have to engage in what is likely to be relatively burdensome discovery until the Court resolves the motion to dismiss. At its heart, this action involves a dispute concerning how to interpret two indentures that the parties executed in 2007. Accordingly, should this action proceed past the motion to dismiss stage, discovery is expected to focus largely on the parties' intent (if any) as reflected by communications and other contemporaneous evidence from long ago, as well as on expert disclosures concerning, for example, the anticipation or not of the permanent cessation of LIBOR in 2007 and the commercially reasonable expectations of the parties. Identifying potentially responsive draft governing agreements and communications from more than 15 years ago will likely involve expensive and time-consuming searches of old emails that may have been maintained by the parties, third parties, and the law firms that represented them in connection with negotiating and entering the indentures. The parties respectfully submit that it would be premature and inefficient to engage in such a burdensome exercise until the Court determines whether Greystone has stated a claim. *See Rios*, 2024 WL 3493607, at *1 (need for burdensome discovery "weighs heavily in favor of granting the requested stay"); *see also Spinelli v. Nat'l Football League,* No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may [] have the advantage of simplifying and shortening discovery in the event that some [] claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable"); *Alapaha*, 2021 WL 1893316, at *2.

JONES DAY

August 20, 2024
Page 3

*Third*, a partial stay is warranted because the Trustee Defendants have not answered the Amended Complaint. Unless and until the Trustee Defendants answer the Amended Complaint, the parties will not know the full scope of what discovery might be needed beyond the obvious related to the parties' respective competing interpretations of the indentures. In particular, the parties will not know what factual allegations in the Amended Complaint are actually in dispute, what affirmative defenses might be raised, or what counterclaims might be interposed. Thus, requiring the parties to propound discovery requests at this juncture would unduly prejudice them as it would require some degree of "guesswork" regarding what issues will remain following the motion to dismiss and the filing of any answer with defenses and/or counterclaims. All of this uncertainty promises to lead to relatively broad discovery requests, followed by objections and disputes that might prove unnecessary with the benefit of the Court's decision on the motion to dismiss. A timely resolution of such disputes also would prove challenging as the Court would likely be asked to resolve objections concerning scope and relevancy, all before the Court has determined what, if any, claims should proceed and before the issues have been framed by complete pleadings. *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (when evaluating the burden of discovery on the parties, courts should consider "whether 'the nature of . . . discovery will be fundamentally different from the discovery that [the parties] would take' if a pending motion to dismiss is granted.").

*Fourth*, this action was commenced relatively recently with the Amended Complaint being filed on April 9, 2024, and the motion to dismiss will be fully briefed in just a few weeks. This too suggests that a stay is appropriate as no prejudice should arise from any brief delay in discovery, especially under such circumstances. *See Spinelli*, 2015 WL 7302266, at *2 (granting a stay of discovery in a two-year old case because "[a]t th[at] stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, [did] not amount to unfair prejudice."); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (stay warranted when no discovery had been served and briefing on the motion to dismiss scheduled to be completed in short order).

*Fifth*, discovery stays are warranted when a pending motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law." *Alapaha*, 2021 WL 1893316 at *2 (internal quotations omitted); *see Integrated Sys. & Power*, 2009 WL 2777076, at *1 (granting stay when motion to dismiss articulated "multiple, independent arguments for dismissal and the motion appear[ed] not to be unfounded in the law.") (internal quotations omitted); *Negrete v. Citibank*, N.A., No. 15 Civ. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 4, 2015) ("Defendant's motion to dismiss is sufficient to support a stay because it is potentially dispositive, and appears to be not unfounded in the law.") (internal quotation marks omitted); *see also Gross v. Madison Square Garden Ent. Corp.*, 23-CV-3380 (LAK) (JLC), 2023 WL 6815052, at *2

JONES DAY

August 20, 2024
Page 4

(S.D.N.Y. Oct. 18, 2023) (Cott, MSJ); *Cohen v. Saraya USA, Inc.*, 23-CV-08079 (NJC) (JMW), 2024 WL 198405, at *2 (E.D.N.Y. Jan 18, 2024).

    Here, the parties agree that the Trustee Defendants' motion to dismiss is potentially dispositive, and that the requested partial stay otherwise makes sense as a practical matter. The Trustee Defendants also contend that their motion to dismiss is "not unfounded in the law." Greystone disagrees and, not surprisingly, has a different view of the merits of the Trustee Defendants' motion to dismiss. The Court has memoranda in support of, and in opposition to, the motion to dismiss (ECF Nos. 33 and 42, respectively), and will have the Trustee Defendants' reply memorandum shortly, and can make its own judgment about the motion's legal foundation without the parties' repeating their arguments for granting or denying dismissal in this letter. Importantly, a stay can be entered even if the "Court cannot . . . predict the outcome of the motion to dismiss" at this point. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

    For all of these reasons, the Trustee Defendants and Greystone respectfully request that the Court grant the partial stay as requested and proposed in the case management order jointly submitted by the parties (ECF Nos. 39 and 39-1) pending the Court's decision on the motion to dismiss. Should the Court have any questions about the parties' positions, or wish for the parties to elaborate on the foregoing before ruling on the stay request, we, of course, would be pleased to participate in a conference at the Court's convenience.

.

Respectfully submitted,

/s/ *Jason Jurgens*
Jason Jurgens

cc:    All counsel of record (by ECF)